Case No.    **CV 19-3704-JFW(AFMx)**                                    Date:  July 8, 2019

Title:      Mayra Quinones, et al. -v- Atria Management Company, LLC, et al.

**PRESENT:**

       HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT
[filed 6/14/2019; Docket No. 19]

     On June 14, 2019, Plaintiff Mayra Quinones ("Plaintiff") filed a Motion to Remand to State Court. On June 24, 2019, Defendants Atria Management Company, LLC and Atria Senior Living, Inc. ("Defendants") filed their Opposition. On July 1, 2019, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 15, 2019 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

     "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements"). CAFA vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action consisting of more than 100 members "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

     "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating System Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014). However, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal

jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5,000,000, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5,000,000, to satisfy other requirements under CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra*, 775 F.3d at 1197. "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

In *Dart Cherokee,* 135 S.Ct. 547, the Supreme Court did not mandate that a plaintiff seeking to remand an action must always submit evidence challenging the amount in controversy. Instead, the Supreme Court in *Dart Cherokee*, along with the Ninth Circuit in *Ibarra*, only require a plaintiff to come forward with contrary evidence when the removing defendant has produced evidence to meet its initial burden. *See, e.g., Ibarra*, 775 F.3d at 1197 (holding that a "defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the court that the estimate of damages in controversy is a reasonable one"); *see also id.* at 1199 ("[Defendant], as the removing [party], has the burden of proof on this"). Once the defendant has done so, then the burden shifts to the plaintiff to produce evidence. In other words, although the plaintiff may rebut the defendant's evidence with his or her own evidence, he or she need not do so in order to prevail on his or her motion for remand. *See, e.g., Leon v. Gordon Trucking, Inc.*, 2014 WL 7447701, *10, fn. 40 (C.D. Cal. 2014) ("Here, [plaintiff] filed a motion to remand; thus *Dart Cherokee* makes clear that it was [defendant's] burden to come forth with evidence establishing the amount in controversy. As noted, it has failed to do so"); *Marentes v. Key Energy Svcs. Cal., Inc*., 2015 WL 756516, *3 (E.D. Cal. 2015) (granting motion to remand based on plaintiff's challenge to defendant's calculations as "rely[ing] solely on speculation and unsubstantiated assumptions"); *Reyna v. Fore Golf Management, Inc.*, 2015 WL 881390, *1 (C.D. Cal. 2015) (granting motion to remand in wage and hour class action where plaintiff moved to remand based solely on challenges to defendant's evidence and assumptions in calculating the amount in controversy).

For the reasons stated in Plaintiff's moving and reply papers, Plaintiff's Motion to Remand to State Court is **GRANTED**. The Court signs the proposed Statement of Decision lodged with the Court on July 3, 2019 [Docket No. 30-1]. In addition, Defendants failed to file the proposed Statement of Decision required by section 5(f) of the Court's Standing Order. Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." The Court deems Defendants' failure to file the proposed Statement of Decision as consent to the granting of Plaintiff's Motion to Remand to State Court.

This action is **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.